# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BURNETT W. WATKINS,<br><br>       Plaintiff,<br><br>v.<br><br>DEPARTMENT OF THE TREASURY; INTERNAL REVENUE SERVICE,<br><br>       Defendants. | Case No.: 15cv1795 BTM(RBB)<br><br>**ORDER GRANTING MOTION TO DISMISS** |

The United States of America has filed a motion to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. For the reasons discussed below, the Government's motion is **GRANTED**.

## I. BACKGROUND

Plaintiff is a taxpayer who, in 2009, entered into an installment agreement with the IRS to pay his federal tax liabilities. (Compl. [Doc. 1] at 1.) In 2015, Plaintiff was told by the IRS that his installment agreement was in default status since December 2013. (Id. at 4.) Plaintiff received notice that the IRS was levying his social security account for 15% of his monthly benefit. (Id.) Plaintiff claims that

he has never missed a payment under the installment agreement and never defaulted. (Id.) Plaintiff requests that the Court (1) reinstate his installment agreement of 2009; (2) have the IRS release its levy of his social security benefit; and (3) credit his account with all of the payments he has made through 2015.

## II. DISCUSSION

The United States moves to dismiss the Complaint for lack of subject matter jurisdiction. The United States contends that Plaintiff has not met his burden of showing that the United States has waived its sovereign immunity in connection with Plaintiff's claims in this action. The Court agrees.

The United States is immune from suit except when it consents to be sued. United States v. Dalm, 494 U.S. 596, 608 (1990). A waiver of sovereign immunity cannot be implied, but must be unequivocally expressed. Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985). The taxpayer bears the burden of showing an unequivocal waiver of immunity. Baker v. United States, 817 F.2d 560, 562 (9th Cir. 1987).

To the extent that Plaintiff seeks to reinstate his installment agreement and make the IRS release its levy of his social security benefits, Plaintiff's claims are barred by the Anti-Injunction Act, 26 U.S.C. § 7421. The Anti-Injunction Act provides that, with limited statutory exceptions not applicable here, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). The Act's purpose is to permit the government to assess and collect taxes it determines to be owed without judicial intervention. Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962).

Plaintiff's attempt to enjoin the IRS from levying his social security benefit is clearly aimed at restraining the collection of taxes. Therefore, the Court lacks subject-matter jurisdiction over such claim. See, e.g., Breton v. Internal Revenue

Serv., 2013 WL 1788536, at *2 (D.N.H. Apr. 10, 2013) (dismissing plaintiff's claims seeking to enjoin levy on bank account for lack of subject matter jurisdiction); Priest v. Internal Revenue Serv., 2006 WL 1989893, at *8 (C.D. Ill. July 13, 2006) (dismissing claims requesting a court order revoking lien or levy).  Similarly, Plaintiff's claim for reinstatement of his installment agreement seeks specific performance and is a form of injunctive relief that falls within the scope of the Anti-Injunction Act.  See Grant v. United States, 289 F. Supp. 2d 1361, 1367 (S.D. Fla. 2003) (dismissing claim for specific performance of installment agreement for lack of subject matter jurisdiction).

In Enochs, the Supreme Court construed the Anti-Injunction Act as including an equitable exception under which the plaintiff can file an action where the taxpayer shows that "under no circumstances could the Government ultimately prevail."  370 U.S. at 7.  The government has submitted evidence that Plaintiff breached the installment agreement by submitting a payment that was dishonored in 2013 and by failing to pay his federal tax liabilities on time for tax years 2012 and 2013.  (Breed Decl. ¶¶ 6.d, e.)  The Court does not make any finding as to whether Plaintiff breached the installment agreement, but concludes that Plaintiff has not shown that the Government could not prevail on the merits.  Accordingly, Plaintiffs' claims to reinstate his installment agreement and to enjoin the levy of his social security benefits are dismissed for lack of subject matter jurisdiction.

Plaintiff also has a claim to "credit my account with all of the payments I have made thru 2015."  To the extent that Plaintiff believes that specific payments he has made have not been credited, Plaintiff can raise such issues in a Collection Due Process Hearing.  See Comfort Plus Health Care, Inc. v. Commissioner of Internal Revenue Serv., 2005 WL 1656914, at *4 (D. Minn. July 14, 2005) (taxpayer claimed in CDP hearing that IRS failed to credit overpayments).  Appeals from CDP determinations are heard by the Tax Court.  26 U.S.C. § 6330(d).  This Court lacks jurisdiction to determine whether payments made by Plaintiff have

been properly credited.

To the extent Plaintiff claims that the installment agreement of 2009 is still valid and thus he has overpaid and is entitled to a refund, Plaintiff can file a tax refund suit. "A taxpayer seeking a refund of taxes erroneously or unlawfully assessed or collected may bring an action against the Government either in United States district court or in the United States Court of Federal Claims." 28 U.S.C. § 1346(a)(1). However, before bringing such an action, a claim for refund or credit must have been filed with the IRS in accordance with applicable statutes and regulations. 26 U.S.C. § 7422(a). The Complaint does not indicate that Plaintiff has filed an administrative claim for a refund with the IRS. Therefore, to the extent Plaintiff asserts a refund claim, the Court dismisses that claim as well. See Del Elmer v. Metzger, 967 F. Supp. 398, 404 (S.D. Cal. 1997) (dismissing claim for refund because, among other things, the plaintiff had not alleged that he had filed a proper administrative claim for refund with the IRS).

### III. CONCLUSION

For the reasons discussed above, the Government's motion to dismiss for lack of subject matter jurisdiction is **GRANTED**. The Court grants Plaintiff leave to file an amended complaint. If Plaintiff chooses to do so, the amended complaint must be filed within 20 days of the filing of this Order.

**IT IS SO ORDERED.**

Dated: April 18, 2016

Barry Ted Moskowitz, Chief Judge
United States District Court